20945—Klein-Heffelman-Zollars, Inc., v. William B. Allison. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled. Dock. 6 Abs. 109.

20948—Walter Belpash et al. v. Edna Emerine. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Allowed. Dock. 6 Abs. 109.

20915—Martin Weimer v. State of Ohio. Motion for an order directing the Court of Appeals of Greene county to certify its record. Overruled. Dock. 6 Abs. 45.

20915—Martin Weimer v. State of Ohio. Motion by defendant to dismiss petition in error as of right. · Sustained. Dock. 6 Abs. 45.

# SYLLABI
# Ohio Supreme Court

## HILE v. CLEVELAND (CITY)

Ohio Supreme Court

No. 20630. Decided February 8, 1928.

Error to Cuyahoga Appeals.

Judgment Affirmed.

233. CIVIL SERVICE—865. Office and Officers—801. Municipal Law—291. Constitutional Law.

1. Art. XV, Sec. 10, Ohio Const., does not prohibit promotion or appointment without examination.

2. Sec. 96, Cleveland City Charter, in full accord with Art. XV, Sec. 10, Ohio Const.

KINKADE, J.

1. Section 10, Article XV, of the Ohio Constitution, does not prohibit the promotion and appointment of public officials in the civil service of cities without competitive examination in cases wherein it is not practicable to effectively test the capacity of applicants for such promotion or appointment by a competitive examination.

2. Section 96 of the charter of the city of Cleveland, which provides that one seeking a promotion or appointment in the city civil service shall pass a competitive civil service examination "unless he shall have served with fidelity for at least two years immediately preceding in a similar position under the city," does not contravene Section 10, Article XV, of the Ohio Constitution but is in full accord therewith, and authorizes promotions and appointments of persons in the civil service of the city without civil service competitive examination, who have previously so served under the city.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.)

## SYLVANIA BUSSES, Inc. v. TOLEDO

Ohio Supreme Court

No. 20759. Decided Feb. 15, 1928. .

Error to Lucas Appeals.

Judgment affirmed.

291. CONSTITUTIONAL LAW—1104. Statutes—874. Ordinances—793a. Motor Transport.

1. Secs. 614-84 and 614-86 GC. not unconstitutional.

2. Ordinance of City of Toledo, prohibiting motor busses carrying passengers for hire between points in city, except where no Community Traction Co. service, and requiring permit from city council by resolution; held valid.

ALLEN, J.           ,

1. Sections 614-84 and 614-86, General Code, as amended in 1925, are valid enactments, not in contravention of the state or· federal constitutions.

2. The city of Toledo enacted an ordinance providing in substance that it shall be unlawful for any one operating an interurban motor bus over the streets within that city to carry a passenger for hire from one point within the city limits to another point within the city limits, except on such routes or parts of routes where there. is no Community Traction Company service, either by bus or street car, and that, before any such interurban motor bus may carry any passengers for hire from one point to another within the city in territory where no such municipal traction service is given, a permit must first be secured from city council by resolution duly adopted. The ordinance also provides penalties for its infraction. Held, such ordinance is valid.

Marshall, CJ., Day, Jones and Matthias, JJ., concur. Kinkade and Robinson, JJ., concur in judgment.

## STATE ex McDIARMID et v. EASTMAN et

Ohio Supreme Court

No. 20725. Decided Feb. 15, 1928.

In Prohibition.

Writ denied.

681. JURISDICTION — 645a. Insolvency Court — 93. Appropriation Proceedings — 639. Injunction — 941. Practice and Procedure.

. 1. Secs. 1629 and 2976 and 2976-7 GC. confer jurisdiction upon Insolvency Court in appropriation proceedings.

2. Writ of prohibition will not lie to prevent exercise of that jurisdiction, where ample remedy is offered by injunction.

MATTHIAS, J.

1. Judisdiction is conferred upon the court of insolvency in proceedings for the appropriation of property for park purposes by the provisions of Sections 1629 and 2976-7, General Code.

2. A writ of prohibition will not lie to prevent the exercise of that jurisdiction upon the ground that a board of park commissioners in making such appropriation is exceeding the powers conferred upon it by law or that the law conferring the power it seeks to exercise contravenes some provision of the constitution. An ample remedy is afforded by injunction. ·

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)